## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| RYECHINE A. MONEY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-03207-CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on movant's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which has been construed as a motion to vacate, set aside, or correct judgment pursuant to 28 U.S.C. § 2255. (Docket No. 1). For the reasons discussed below, the motion will be denied as successive, and the matter transferred to the United States Court of Appeals for the Eighth Circuit. *See* 28 U.S.C. § 2244(b); and 28 U.S.C. § 1631.

## Background

On March 3, 2011, movant pleaded guilty to one count of interference with interstate commerce by force and violence, in violation of 18 U.S.C. § 2 and 18 U.S.C. § 1951(a), and one count of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1). *United States v. Money*, No. 4:10-cr-678-CEJ (E.D. Mo.). He was sentenced on May 31, 2011 to a total term of 235 months' imprisonment. Movant filed a notice of appeal. On February 22, 2012, the United States Court of Appeals for the Eighth Circuit affirmed the judgment of the Court. *United States v. Money*, No. 11-2229 (8th Cir. 2012).

Movant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on March 6, 2014. *Money v. United States*, No. 4:14-cv-422-CEJ (E.D. Mo.). In the motion,

movant alleged ineffective assistance of counsel, and argued that he was not a career offender. The Court denied and dismissed the motion as time-barred on May 20, 2014. Movant filed a notice of appeal. The United States Court of Appeals for the Eighth Circuit denied a certificate of appealability on November 20, 2014. *Money v. United States*, No. 14-2759 (8th Cir. 2014).

On June 10, 2016, movant filed a motion for relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015) in his criminal case. An attorney from the Federal Public Defender's Office entered his appearance for movant, and filed an amended motion pursuant to 28 U.S.C. § 2255. *Money v. United States*, No. 4:16-cv-1033-CEJ (E.D. Mo. June 27, 2016). On November 12, 2016, movant's attorney filed a motion to transfer the 28 U.S.C. § 2255 motion to the United States Court of Appeals for the Eighth Circuit in order to request permission to file a second or successive motion. The Court granted the motion and transferred the action. On June 29, 2017, the United States Court of Appeals for the Eighth Circuit denied authorization for movant to file a successive § 2255 motion. *Money v. United States*, No. 17-1508 (8th Cir. 2017).

Movant filed another motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on September 13, 2018. *Money v. United States*, No. 4:18-cv-1543-CDP (E.D. Mo.). The Court denied and dismissed the motion as successive on September 25, 2018. Movant did not file an appeal.

On November 2, 2018, movant filed his fourth motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *Money v. United States*, No. 4:18-cv-1888-CDP (E.D. Mo.). The Court denied and dismissed the motion as successive on November 15, 2018. Movant did not file an appeal.

On December 2, 2019, the Court received a document from movant titled "Affidavit of Truth: Memorandum of Law in Support of Petition for a Writ of Habeas Corpus, Pursuant to 28

U.S.C. §§ 2241, 1651 (All Writs Act)." (Docket No. 1). Movant initially attempted to file this action in the United States District Court for the Western District of Virginia-Abingdon Division, where he is presently incarcerated. The District of Virginia subsequently forwarded the petition to this Court.

### Discussion

Movant is a self-represented litigant currently incarcerated at United States Penitentiary Lee in Pennington Gap, Virginia. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed below, the Court has construed the petition as a motion to vacate, set aside, or correct judgment under 28 U.S.C. § 2255. As the motion is successive, it must be denied. However, the Court will transfer the matter to the United States Court of Appeals for the Eighth Circuit.

### A. Construction of Petition as Arising Under 28 U.S.C. § 2255

A claim attacking the execution of a sentence should be brought in a 28 U.S.C. § 2241 petition in the jurisdiction of incarceration. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). However, a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under 28 U.S.C. § 2255. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). A writ of habeas corpus may issue under § 2241 only if it appears that the remedy by § 2255 motion "is inadequate or ineffective to test the legality of his detention." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). Establishing inadequacy or ineffectiveness requires more than demonstrating that there is a procedural barrier to bringing a § 2255 motion. *Id*.

Here, movant's action is properly construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Movant is not challenging the execution of his sentence. Rather,

he is arguing that his conviction and sentence for conspiracy to commit Hobbs Act robbery and possession of a firearm in furtherance of a crime of violence are invalid following the United States Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019). A § 2255 motion is not "inadequate or ineffective to test the legality of his detention" following *Davis*. As such, the Court has construed movant's filing as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, despite movant's attempt to characterize it as a 28 U.S.C. § 2241 petition.

## B. Successive Motion

A district court is not "required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a). Rather, under the Antiterrorism and Effective Death Penalty Act of 1996, a federal inmate seeking relief under 28 U.S.C. § 2255 must first receive certification from the court of appeals to file a second or successive motion. *United States v. Brown*, 915 F.3d 1200, 1201 (8th Cir. 2019). *See also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").

An inmate cannot evade this rule "by simply filing a successive § 2255 motion in the district court." *Baranski v. United States*, 880 F.3d 951, 955 (8th Cir. 2018). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3)…to the filing of a second or successive habeas petition"). Instead, it is up to the court of appeals to determine whether movant has made a prima facie case that he has satisfied the requirements of § 2255(h). *See Woods v. United States*,

4

805 F.3d 1152, 1153 (8th Cir. 2015). Moreover, movant cannot avoid the requirement that he obtain authorization from the Court of Appeals to file a successive § 2255 motion merely by re-characterizing his action. *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005).

Here, as discussed above, movant's action has been construed as a 28 U.S.C. § 2255 motion. He has previously brought four other § 2255 motions before this Court. The first was denied and dismissed as time-barred. The second was transferred to the United States Court of Appeals for the Eighth Circuit, which refused movant permission to file a second § 2255 motion. The third and fourth motions were both denied and dismissed by this Court as successive. It follows that the instant motion is successive as well. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Authorization is a prerequisite to the filing of a second or successive motion. *Boyd*, 304 F.3d at 814. Because movant has not obtained permission from the United States Court of Appeals for the Eighth Circuit, the Court lacks authority to grant movant the relief he seeks. Therefore, the motion must be denied. Rather than dismiss the action, though, the Court will transfer the matter to the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

## C. Motion to Withdraw

The United States Attorney's Office has filed a motion to withdraw their appearance as counsel. (Docket No. 2). The motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED AS SUCCESSIVE**. *See* 28 U.S.C. § 2244(b)(3)(A).

**IT IS FURTHER ORDERED** that the Clerk of Court shall **TRANSFER** the instant motion to the United States Court of Appeals for the Eighth Circuit. *See* 28 U.S.C. § 1631.

**IT IS FURTHER ORDERED** that the motion to withdraw as counsel filed by the United States Attorney (Docket No. 2) is **GRANTED**.

Dated this 19th day of June, 2020.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE